UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN "CHRIS" EDDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:13-CV-879 |
| ) | |
| MOLNLYCKE HEALTH CARE US., ) | Judge Sharp |
| LLC, ) | Magistrate Judge Knowles |
| ) | |
| Defendant. ) | |

# INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION:**

This action is brought under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* ("ADA"), as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as a civil action arising under the laws of the United States.

There is no dispute regarding the jurisdiction of this Court.

Defendant waived service, and its responsive pleading is due November 12, 2013.

**B. THEORIES OF THE PARTIES:**

*1. Plaintiff's theory of the case:*

Plaintiff John "Chris" Eddy was employed by Defendant from August, 2003 until his unlawful termination in January, 2012. He was a Territory Sales Manager in Defendant's Wound Care Division, first in Knoxville, then in Nashville. In mid-2008, Mr. Eddy was diagnosed with Bipolar Affective Disorder and started taking medication to treat this disability. Since that time, Mr. Eddy's sales increased each year and Mr. Eddy met or exceeded Defendant's objective sales expectations.

1

In or around April, 2010, Jason Mullis became Mr. Eddy's immediate supervisor. Despite the fact that Mr. Eddy was meeting Defendant's objective sales goals, Mr. Mullis started criticizing Mr. Eddy for several things, and began to provide harsh and negative subjective reviews. Among other things, Mr. Mullis complained that Mr. Eddy had gum or mints in his mouth during sales calls, that he fidgeted, and "flicked" his fingers while driving, and expressed concern about Mr. Eddy's "personality," saying that it was "up and down." In response to these criticisms (which would negatively impact Mr. Eddy's quarterly employment evaluation), Mr. Eddy disclosed to Mr. Mullis that he had a disability, Bipolar Affective Disorder. Mr. Eddy disclosed his disability to Mr. Mullis in an effort to seek a reasonable accommodation and explained that some of the things Mr. Mullis was critical of were caused by his disability.

After Mr. Eddy disclosed his disability, Defendant did not provide any reasonable accommodation. To the contrary, among other things, Defendant subjected Mr. Eddy to stricter scrutiny, required excessive reporting, and held Mr. Eddy to a standard not imposed on similarly situated employees. In October, 2011, Mr. Eddy reached out to Defendant's Human Resources Manager, Bruce Osterhaus in an effort to have the conflicts with Mr. Mullis mediated, and to put an end to the discrimination and harassment. Mr. Eddy told Mr. Osterhaus that he believed that the disclosure of his health information to Mr. Mullis influenced Mr. Mullis's opinion and caused a strain in their relationship and the discrimination. Mr. Osterhaus did not request more information regarding the health information, and would not allow Mr. Eddy to elaborate. These reports to human resources did not end the discrimination and harassment. Defendant only increased its discriminatory scrutiny of Mr. Eddy.

In mid-November 2011, Mr. Eddy was placed on a performance improvement plan under which he was expected to show improvement in 90 days. By the end of November, 2011, Mr. Eddy had reached approximately 100% of his sales quota, and ended the year at 107% of quota,

exceeding the objective stated by Defendant in June. Despite objective improvement in sales and meeting the stated expectations of his supervisor, Defendant terminated Mr. Eddy's employment in January 2012.

Mr. Eddy alleges that Defendant failed to reasonably accommodate his disability, subjected him to harassment on account of his disability, retaliated against him for seeking a reasonable accommodation, retaliated against him for complaining about the discrimination, and discharged Mr. Eddy because of his disability in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991.

    *2. Defendant's theory of the case:*

Defendant denies the allegations of discrimination, harassment, and unlawful retaliation. Plaintiff was not known to be subject to any work-related restrictions or other limitations as a result of the medical condition about which he complains and specifically denied any need for assistance or for accommodation during the course of his employment. Defendant will establish that Plaintiff was lawfully counseled and warned about his unsatisfactory job performance and that Plaintiff's employment was terminated for legitimate and nondiscriminatory reasons unrelated to any medical condition. Defendant denies that Plaintiff is entitled to any of the relief sought by this civil action.

    **C. ISSUES RESOLVED:**

Jurisdiction and venue.

    **D. ISSUES STILL IN DISPUTE:**

Liability and damages.

    **E. INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to FED.R.CIV.P. 26(a)(1) on or

before November 19, 2013.

**F. DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before July 11, 2014.

Any discovery-related motions shall be filed no later than July 25, 2014.

Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge.
.

**G. MOTIONS TO AMEND AND JOIN PARTIES:**

The parties shall file all Motions to Amend and Join Parties on or before March 28, 2014.

**H. DISCLOSURE OF EXPERTS:**

Plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 28, 2014. Defendant shall identify and disclose all expert witnesses and reports on or before April 28, 2014. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before May 28, 2014.

**I. DEPOSITIONS OF EXPERT WITNESSES:**

The parties shall depose all expert witnesses on or before June 27, 2014.

**J.**
.

**K. DISPOSITIVE MOTIONS:**

The parties shall file all dispositive motions on or before August 1, 2014. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14)

days after the filing of the response and shall not exceed five (5) pages.

**L. ELECTRONIC DISCOVERY:**

The parties agree to meet no later than November 19, 2014 to discuss the existence of relevant electronically stored information and will attempt to come to an agreement regarding the timing and methods of production. Absent an agreement between the parties to the contrary, the default standard contained in Administrative Order No. 174 applies to this case.

**M. SERVICE BY EMAIL:**

Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

N**. TRIAL DATE AND ESTIMATED TRIAL TIME:**

The parties expect the trial to last approximately three (3) days. This case is set for jury trial on December 9, 2014. The pretrial conference is set for November 17, 2014, at 2:00 p.m.

It is so ORDERED.

_____
E. CLIFTON KNOWLES
UNITED STATES MAGISTRATE JUDGE